# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

NATAN TORRES,

     **Plaintiff,**

vs.                                  **Case No. 4:15cv464-RH/CAS**

FLORIDA DEPARTMENT OF CORRECTIONS,

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The Department of Corrections filed a Notice of Removal on September 25, 2015. ECF No. 1. The Department simultaneously paid the filing fee, and filed a copy of all process and pleadings from state court. *Id.*, attachment. For ease of reference, the complaint (ECF No. 1-1 at 2-11) was separated from the other state court documents and filed as ECF No. 11.

After removal, the Department filed a motion to dismiss, ECF No. 7, raising exhaustion of administrative remedies as a defense. Plaintiff Natan Torres, a pro se prisoner, filed a motion to stay proceedings. ECF No. 8.

The Department has responded to Mr. Torres' motion, ECF No. 12, and Mr. Torres has responded to the Department's motion to dismiss.  ECF No. 15.  Finally, Mr. Torres has filed a motion for temporary injunction.  ECF No. 13.  All three pending motions are addressed herein.

**The Complaint, ECF No. 11**

Mr. Torres seeks a declaratory judgment to declare the Department's "UCC Contraband Rule" invalid because it is "void for vagueness" and because it is arbitrarily applied.  ECF No. 11 at 3-4.  He asserts that the rule infringes on his due process rights.[1]  *Id.* at 4.  Mr. Torres states that prison officials have placed him in administrative confinement and confiscated his "property due to 'mere legal possession' of UCC study materials . . . ."  *Id.* at 7.  He contends he has been subjected to "[a]rbitrarily imposed legally invalid disciplinary reports" and placed in disciplinary confinement simply because he possessed the materials without any "fraudulent" or harassing practices or actions.  *Id.*

**The Motion to Dismiss, ECF No. 7**

The Department explains that Rule 33-602.203 was amended and became effective on November 28, 2011.  ECF No. 7 at 2.  It provides:

---

[1] The Department also construes the complaint as alleging a First Amendment claim for the violation of his right to free speech.  ECF No. 7 at 1-2.

> No inmate shall manufacture or possess any forms that may be used
> in the fraudulent filing of Uniform Commercial Code liens and/or
> publications that promote this practice. An inmate shall not possess
> any Uniform Commercial Code (UCC) Article 9 form, including but not
> limited to any financing statement (UCC1, UCC1Ad, UCC1AP, UCC3,
> UCC3Ad, UCC3AP), or correction statement (UCC5), whether
> printed, copied, typed or hand written, or any document concerning a
> scheme involving an inmate's "strawman," "House Joint Resolution
> 192 of 1933," the "Redemptive Process," "Acceptance for Value"
> presentments or document indicating copyright or attempted
> copyright of an inmate's name absent prior written authorization from
> the warden.

ECF No. 7 at 2 (quoting FLA. ADMIN. CODE R. 33-602.203).   It is argued

that Mr. Torres "never attempted to challenge the Rule via a 'Petition to

initiate rulemaking' as allowed for in § 120.54(7), Fla. Stat." *Id.* at 3.  The

Department asserts there is "no record of Plaintiff ever filing a Petition to

Initiate Rulemaking related to the Rule." *Id.*  Thus, the Department argues

that this complaint "should be dismissed because Plaintiff failed to exhaust

his administrative remedies pursuant to the requirements of the PLRA, 42

U.S.C. § 1997e(a)." *Id.* at 4.

## Analysis

At one point within the motion to dismiss it states that "in order to

exhaust his administrative remedies, Plaintiff must follow the administrative

procedures set forth in Chapter 33 of the Florida Administrative Code."

ECF No. 7 at 5.  Under that argument, a prisoner's "administrative

remedies are not exhausted until his grievance has finally been appealed to, and denied by, the Secretary of the Florida Department of Corrections." *Id.* (quoting Lyons v. Trinity Servs. Grp., Inc., 401 F.Supp. 2d 1290, 1295 (S.D. Fla. 2005)).  However, no meaningful argument is put forward in support of the motion to dismiss on this point.  Indeed, it does not appear that such an argument could be made.

Attached to the complaint and filed in this case as part of the state court record is an informal grievance filed by Mr. Torres in July 2015.  The grievance was denied and the response advised in relevant part: "The Office of the Inspector General does not have authority, jurisdiction or statutory responsibility to determine validity of Florida Admin. Code Rules lawfully promulgated."  ECF No. 1-1 at 14.  Additional formal grievances and an appeal submitted by Mr. Torres argued that a department rule could not infringe an inmate's constitutional rights or rights under the UCC.  *Id.* at 15-21.  Mr. Torres received a response to his administrative appeal, upholding the responses he was given through the administrative process and denying his appeal.  *Id.* at 21.  Thus, Mr. Torres exhausted all three steps of the Department of Corrections' grievance procedures.

Rather than arguing Mr. Torres did not exhaust those administrative remedies, the Department asserts that Mr. Torres "failed to exhaust his

administrative remedies in regard to his rule challenge because he had not

filed a Petition to Initiate Rulemaking pursuant to § 120.54(7), Fla. Stat."

*Id.* at 6.  In support of that argument, the Department cites to Smith v.

Conner, Case No. 8:12-cv-52, 2014 WL 299099 (M.D. Fla. Jan. 28, 2014),

aff'd sub nom. Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027

(11th Cir. 2015).  In that case, however, the plaintiff was "attempting to alter

a Department rule, specifically Rule 33–602.201," and the court concluded

that he "was required to initiate rulemaking under 120.54(7)."  Smith, 2014

WL 299099, at *4, n.6.  Judge Moody agreed with the Department's

argument that because the prisoner was seeking to amend a rule

regulating inmate property, "he was required to not only exhaust the prison

grievance procedure, but also file a petition to initiate rulemaking under

120.54(7)."  *Id.*  Although the case was affirmed on appeal, the issue of

exhaustion was not addressed in the decision of the Eleventh Circuit Court

of Appeals which affirmed several other unrelated issues.[2]  More

importantly, Mr. Torres is not seeking to amend a rule but, instead, to have

it invalidated or repealed.

---

[2] Smith challenged "the denial of his motions for a preliminary injunction, for class certification and appointment of counsel for the class action, and for sanctions; the partial denial of his motion to recover the costs related to service of process; and the award of costs to the officials."  Smith, 597 F. App'x at 1029.  The issue of exhaustion was not reviewed on appeal.

The Prison Litigation Reform Act [PLRA] requires prisoners to exhaust "such administrative remedies as are available" prior to filing a § 1983 action.  42 U.S.C. § 1997e(a).  The Supreme Court has clarified that exhaustion means "proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (cited in Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015)).  "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law."  McKart v. United States, 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (quoted in Woodford, 548 U.S. at 88, 126 S. Ct. at 2384-85).

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims.  Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."

Woodford, 548 U.S. at 90, 126 S. Ct. at 2385 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

To determine "proper exhaustion" in prisoner civil rights actions, courts have looked to the requirements of the "prison grievance system."  Woodford, 548 U.S. at 95, 126 S. Ct. at 2388 (stating "[t]he benefits of

exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.").  Thus, a prisoner must comply with rules which "are defined not by the PLRA, but by the prison grievance process itself."  <u>Jones v. Bock</u>, 549 U.S. 199, 218, 127 S. Ct. 910, 922, 166 L. Ed. 2d 798 (2007).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  <u>Jones</u>, 549 U.S. at 218, 127 S. Ct. at 922-23.

Pursuant to the Department's rules governing inmate grievances, inmates may file complaints regarding "[t]he substance, interpretation, and application of rules and procedures of the department that affect them personally."  FLA. ADMIN. CODE R. 33-103.001(4)(a).  Thus, the Department has provided an avenue for inmates to challenge or otherwise complain about a departmental rule.  Mr. Torres used the grievance process to challenge Rule 33-602.203.  His grievances were denied.  ECF No. 1-1 at 14-21.  Having done so, Mr. Torres should be deemed to have exhausted administrative remedies.

Mr. Torres also filed a petition for declaratory judgment and supplemental relief in state court in 2013.  ECF No. 1-1 at 22-42.  There, he challenged the UCC Contraband Rule and claimed he was personally affected by the rule.  *Id.*  It appears that his petition was construed as a

mandamus petition and denied.[3]  *Id.* at 12.  Mr. Torres has sufficiently

exhausted administrative remedies.

Mr. Torres seeks to have Rule 33-602.203 declared invalid in this

case, not merely amended.  *See* ECF No. 15 at 7; ECF No. 8 at 2-3.

Although Florida's Administrative Procedure Act permits prisoners to have

limited participation in rulemaking, *see* FLA. STAT. § 120.81(3)(a) and

§ 120.54(3)(c) or (7), prisoners are not afforded the ability to challenge the

invalidity of a Rule under § 120.56.  Because Mr. Torres is seeking to

invalidate Rule 33-602.203 and have it declared unconstitutional, he should

only be required to file grievances through the prison grievance

procedures.  The procedures for challenging the validity of a rule are not

"available" to Mr. Torres, a fact recognized by the Department.  ECF No. 12

at 6; *see also* FLA. STAT. § 120.81(3)(a).

> For some seven years, see Ch. 92-166, § 9, at 1678, Laws of Fla.
> (codified at § 120.52(12), Fla. Stat. (Supp.1992)), prisoners have
> been forbidden to maintain challenges to administrative rules under
> section 120.56 and predecessor provisions.  See § 120.81(3)(a), Fla.
> Stat. (1997).  No intervening enactment suggests that the Legislature
> intended to authorize prisoners to use a petition for repeal of a rule,
> even if the petition also includes a proposed replacement for the
> existing rule, to obtain judicial review of the kind available when a

---

[3] Declaratory judgments are appropriate to challenge the validity of a
departmental rule.  Smith v. Florida Dep't of Corr., 752 So. 2d 59, 60 (Fla. 1st DCA
2000) (citing Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla. 1991); Quigley v. Florida
Dep't of Corr., 745 So.2d 1029 (Fla. 1st DCA 1999)).

party who is not a prisoner challenges an existing rule under section 120.56, Florida Statutes (1997).

Quigley v. Florida Dep't of Corr., 745 So. 2d 1029, 1030 (Fla. 1st DCA 1999).[4]  Under the PLRA, the basis for the exhaustion requirement, a prisoner is only required to exhaust "available" administrative remedies. 42 U.S.C. § 1997e(a).  As a petition to initiate rulemaking cannot be used by a prisoner to repeal an administrative rule under Florida law, the remedy is not available and the Department's argument should be rejected.

The Supreme Court has "identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does

---

[4] In Quigley, a prisoner "filed a petition to initiate rulemaking requesting that DOC repeal" an Administrate Code Rule.  Quigley, 745 So. 2d at 1030.  The petition was denied by the Department and a written statement of reasons provided.  The prisoner sought to appeal the order denying his petition to initiate rulemaking.  *Id.*  The court held:

> Mr. Quigley's claim that Florida Administrative Code Rule 33-3.005(9)(a)2. is invalid, on grounds it violates the state and federal constitutions, does not entitle him to review of the merits of his contention here.  Initial appellate judicial review of the validity of the reasons DOC sets out in a written statement of reasons for denying a petition is not available to prisoners under the Administrative Procedure Act.  Their only avenue for judicial review is to seek declaratory or other relief in circuit court, as was done in *Bass v. Department of Corrections*, 684 So.2d 834 (Fla. 1st DCA 1996).

745 So. 2d at 1031.

occur by leading to the preparation of a useful record." Jones, 549 U.S. at 219, 127 S. Ct. at 923.  Mr. Torres submitted grievances through the prison grievance process and the Department had the opportunity to address this issue prior to this case being filed.  The purpose of the prison grievance process was fulfilled and the requirements of § 1997e(a) were satisfied. The Department's motion to dismiss should be denied.

**Motion to Stay Proceedings, ECF No. 8**

Mr. Torres filed a motion to stay this case.  ECF No. 8.  He contends that he does not seek "to adopt, amend, nor repeal a rule as authorized by" § 120.54, "but rather to invalidate a Florida Administrative Rule."  *Id.* at 2. He points out that he "thoroughly exhausted the Florida administrative grievance process" and contends that compliance with the "optional" administrative procedures should not be a basis to foreclose him relief in this case.  *Id.* at 4.  Nevertheless, Mr. Torres requests that if this Court deemed it necessary for him to file a petition to initiate rulemaking, he would request this case be stayed so he could conduct those administrative procedures.  *Id.* at 7-8.

As the recommendation is to deny the motion to dismiss, there is no need to stay this case.  Moreover, the Court has no authority to stay this case so that administrative remedies can be pursued.  Edwards v. Balisok,

520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  In Edwards v.

Balisok, the Court concluded that the district court had improperly stayed

an inmate's civil rights case while he sought restoration of gain time.  520

U.S. at 649.  Because § 1983 does not contain a "judicially imposed

exhaustion requirement . . . absent some other bar to the suit, a claim

either is cognizable under § 1983 and should immediately go forward, or is

not cognizable and should be dismissed."  *Id.*  Accordingly, it is not

permissible to stay this case so that Mr. Torres can file a petition to initiate

rulemaking and Mr. Torres' motion to do so should be denied.

**Motion for Temporary Injunction, ECF No. 13**

Although this motion is not entirely clear,[5] it appears that Mr. Torres

requests an injunction to "restrain . . . illegal acts" of the law librarian at

Century Correctional Institution.  ECF No. 13 at 2.  Mr. Torres wants to

prevent "unwarrented [sic], unreasonable, and unlawful confiscation of" his

legal pleadings and allegedly retaliatory disciplinary reports.  *Id.*  In general,

it appears that Mr. Torres complains that the librarian is interfering with his

litigation efforts and he requests an injunction prohibiting the Department

from transferring him to a location outside this Court's territorial jurisdiction.

*Id.* at 4-5.  He also wants to prohibit Department officials from interfering

---

[5] The Department did not file a response to this motion.

with his access to Court, his legal mail, and from writing frivolous or unsubstantiated disciplinary reports.  *Id.* at 5-6.

The allegations in the motion for a temporary injunction are unrelated to the claim raised in the petition for declaratory judgment.  Furthermore, a request for a temporary restraining order or preliminary injunction must include an affidavit which "clearly show[s] that immediate and irreparable injury, loss, or damage will result" if the injunction is not entered.  FED. R. CIV. P. 65(b)(1)(A).  The instant motion does not demonstrate either immediate or irreparable injury.  The motion, ECF No. 13, filed by Mr. Torres should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 7, be **DENIED**, the motion to stay, ECF No. 8, be **DENIED**, and the motion for a temporary injunction, ECF No. 13, be **DENIED**, and this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 30, 2015.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.