# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

NATAN TORRES,

    Plaintiff,

v.                        CASE NO. 4:15cv464-RH/CAS

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

The plaintiff Natan Torres is a prisoner in the Florida Department of Corrections. The Department disciplined Mr. Torres for possessing materials denominated contraband under a rule designed to reduce fraudulent Uniform Commercial Code filings. *See* Fla. Admin. Code r. 33-602.203(7). Prisoners sometimes make fraudulent UCC filings against prosecutors or others.

Mr. Torres has sued the Department, asserting his discipline violated the United States Constitution. Each side has moved for summary judgment.

The motions are before the court on the magistrate judge's second report and recommendation, ECF No. 74, and Mr. Torres's objections, ECF No. 76. I have reviewed de novo the issues raised by the objections.

The report and recommendation correctly concludes that the discipline imposed on Mr. Torres was not unconstitutional. The recommendation is for entry of summary judgment on the merits in the Department's favor. This order accepts the recommendation and directs entry of judgment.

Apparently unwilling to declare victory, the Department has moved to extend the deadline for objections. One of its contentions—rejected by the report and recommendation—is that Mr. Torres cannot properly challenge his discipline as unconstitutional unless he first files a challenge under the Florida Administrative Procedure Act to the rule denominating this kind of material contraband. This is an exhaustion defense properly presented by a motion to dismiss, not by a motion for summary judgment. *See, e.g.*, *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). Nonetheless, the Department has fairly presented the defense as part of its summary-judgment motion. To the extent the defense can properly be presented only by a motion to dismiss, I treat the summary-judgment motion as a motion to dismiss.

Under the Prison Litigation Reform Act, a prisoner must exhaust available administrative remedies before bringing a lawsuit of this kind. *See* 42 U.S.C. §

1997e(a). But as correctly noted in the report and recommendation, Mr. Torres exhausted his remedies under the Department of Corrections' grievance process. The Department had a full and fair opportunity under that process—the process the Department adopted for this purpose—to consider the propriety of Mr. Torres's discipline. The letter and spirit of the exhaustion statute were satisfied.

A separate APA rule challenge would have been heard not by the Department of Corrections but by an administrative law judge from the Department of Administrative Hearings, *see* Fla. Stat. § 120.56, and thus would not have furthered the purposes of the Prison Litigation Reform Act's exhaustion requirement. A Florida administrative law judge is well versed in rulemaking procedures but lacks discretion to manage the prisons or to address constitutional issues of the kind raised by Mr. Torres. *See, e.g.*, *Dep't of Envtl. Regulation v. Leon Cty.*, 344 So. 2d 297, 298 (Fla. 1st DCA 1977) (reaffirming that "a hearing officer does not have power to adjudicate the constitutionality of a rule" and noting that "once a statute or rule has been enacted or adopted . . . the determination of the constitutionality or unconstitutionality thereof requires exercise of judicial power which is vested only in the courts"); *State, Dep't of Admin., Div. of Pers. v. State, Dep't of Admin., Div. of Admin. Hearings*, 326 So. 2d 187, 189 (Fla. 1st DCA 1976) (holding that an administrative law judge could not declare an existing rule unconstitutional under the Fourteenth Amendment).

Mr. Torres was not obligated to file a separate APA rule challenge. And either way, Mr. Torres cannot recover in this lawsuit. This order denies the Department's motion to extend the deadline for objections to the report and recommendation.

For these reasons,

IT IS ORDERED:

1. The second report and recommendation is accepted and adopted as the court's opinion.

2. The Department's summary-judgment motion, ECF No. 54, is granted.

3. Mr. Torres's amended summary-judgment motion, ECF No. 58, is denied.

4. The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is ordered that the plaintiff Natan Torres recover nothing on his claims against the defendant Florida Department of Corrections. The claims are dismissed on the merits."

5. The clerk must close the file.

SO ORDERED on September 11, 2017.

                                      s/Robert L. Hinkle
                                      United States District Judge